EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
ALLIANZ C.P. GENERAL INSURANCE CO.,
*as subrogee of,* UNIQUE PLASTIC
INDUSTRY, CO., LTD.

              Plaintiff,

    - against -

ORIENT OVERSEAS CONTAINER LINE LTD.,

             Defendant.
-------------------------------------------------------X

**ECF CASE**

08 Civ. 3717 (PKL)

**COMPLAINT**

Plaintiff, Allianz C.P. General Insurance Co., Ltd. ("Allianz"), *as subrogee of,* Unique Plastic Industry, Co., Ltd. ("Unique Plastic"), by its attorneys, McDERMOTT & RADZIK, LLP, alleges upon information and belief, as follows:

**FIRST**: This action arises from an intermodal carriage of goods in interstate and international commerce and is governed by federal common law and federal statutes including the Carmack Amendment to the Interstate Commerce Act of 1887 (49 U.S.C. § 11706) and this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

**SECOND**: This Court also has subject matter jurisdiction over this action by virtue of the fact that this is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1333.

## THE PARTIES

**THIRD**: At and during all the times hereinafter mentioned, Plaintiff, Allianz, was and now is a corporation organized under, and by virtue of, the laws of a foreign sovereign and has an office and place of business at 313 C.P. Tower, 19 F/Silom Road, Bangrak, Bangkok, Thailand 10500. Unique Plastic was the owner of the cargo in question and Allianz is subrogated to the rights of Unique Plastic as cargo owner and brings this action on its own behalf and behalf of others whose interests may ultimately appear.

**FOURTH**: At and during all times hereinafter mentioned, defendant Orient Overseas Container Line Ltd. ("OOCL") was and is a corporation organized and existing under, and by virtue of, the laws of a foreign sovereign, and regularly conducts and systematically transacts business in New York and has an office and place of business, *inter alia*, in the United States at Wall Street Plaza, 88 Pine Street, New York, NY 10005.

## AS AND FOR A FIRST CAUSE OF ACTION (Breach of Contract)

**FIFTH**: On or about August 1, 2006, at Green Bay, Wisconsin, there was shipped by Straubel Paper Company and delivered to Defendant as a common carrier, a shipment consisting of 95 rolls of 4 ply Medical Scrim packed into a shipping container

provided by Defendant numbered TRLU 5591069, said shipment, then being in good order and condition, and Defendant then and there accepted said shipment and agreed to transport and carry said shipment to Lat Krabang, Thailand, and there deliver said shipment in like and good order and condition as when shipped, delivered to, and received by them, to Unique Plastic. (See Schedule "A" attached).

**SIXTH**: Thereafter, Defendant failed to make delivery of the shipment in the same good order and condition as received. To the contrary, while the shipment was in the custody and control of the Defendant, its agent and/or sub-contractors, the shipment became severely damaged and impaired in value by reason of staining and contamination rendering it unfit for sanitary or medical use due to improper and careless handling during inland transit from Green Bay to Long Beach.

**SEVENTH**: Plaintiff has performed all conditions on its part to be performed.

**EIGHTH**: Plaintiff brings this action on its own behalf and as the agent and trustee on behalf of, and for the interest of, all parties who may become interested in said shipments as their respective interests may appear, and Plaintiff is entitled to maintain this action.

**NINTH**: By reason of Defendant's breach of its duties as a common carrier, Plaintiff has sustained monetary damages, as nearly as now can be estimated, no part of which has been paid, although duly demanded, in the amount of $40,394.17.

## AS AND FOR A SECOND CAUSE OF ACTION (Bailment)

**TENTH**: Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST" through NINTH" of this Complaint with the same force and effect as if fully set forth herein.

**ELEVENTH**: On or about August 1, 2006, at Green Bay, Wisconsin, Defendant received a shipment consisting of 95 rolls of 4 ply Medical Scrim, then being in good order and condition, as bailee.

**TWELFTH**: Thereafter, Defendant failed to preserve Plaintiff's shipment and instead allowed said shipment to become damaged in breach of Defendant's contractual, common law, and/or implied in-fact duties and obligations as bailee.

**THIRTEENTH**: By reason of these premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $40,394.17.

## AS AND FOR A THIRD CAUSE OF ACTION (Negligence)

**FOURTEENTH**: Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST" through "THIRTEENTH" of this Complaint to the same force and effect as if more fully set forth herein.

**FIFTEENTH**: The damage to Plaintiff's shipment consisting of 95 rolls of 4 ply Medical Scrim was directly attributable to the negligence, lack of care, and recklessness on the part of the Defendant, its agents and/or sub-contractors.

**SIXTEENTH**: By reason of Defendant's negligence, lack of care, and recklessness, Plaintiff has suffered damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $40,394.17.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendant cannot be found within this District, then all their assets and property within this District be attached in the sum of $40,394.17, with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:   New York, New York
         April 18, 2008

        McDERMOTT & RADZIK, LLP
        *Attorneys for Plaintiff*

BY: *[signature]*
   EDWARD C. RADZIK (ER-2473)
   Wall Street Plaza
   88 Pine Street
   New York, New York 10005-1801
   (212) 376-6400
   (File: 66-08-73 ECR/CEB)

# SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, Unique Plastic Industry Co. Ltd., was and now is a corporation organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 323 Moo 2 Buddharaksa Rd., Prackasami Muang, Samutprakarn, Thailand.

**Defendant's Legal Status and Office and Place of Business:**

Defendant, Orient Overseas Container Line Ltd., was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at Wall Street Plaza, 88 Pine Street, New York, NY 10005-1801.

| | | |
|---|---|---|
| Vessel | : | ***NYK LODESTAR, V. 37 W 40*** |
| Bill of Lading No. | : | OOLU 1020201780 |
| Container No. | : | Original - TRLU 5591069<br>Re-loaded: OOLU 8310910 |
| Port of Loading | : | Long Beach, CA |
| Port of Discharge | : | Lat Krabang, Thailand |
| Date of Shipment | : | August 1, 2006 |
| Shipper | : | Straubel Paper Company<br>Greenbay, WI |
| Consignee | : | Unique Plastic Industry Co. Ltd. |
| Description | : | 95 Rolls of 4 ply Medical Scrim |
| Nature | : | Dirty and Stained Material — Unfit for Sanitary Use and Medical Purposes |
| Amount | : | $40,394.17 |
| OOCL Claim No. | : | OOCLU 1020201789 |
| M&R File | : | 66-08-73 ECR/CEB |